22 C. C. P. A. (Patents)

## In re TREUTING.

Patent Appeal No. 3469.

Court of Customs and Patent Appeals.
April 8, 1935.

Rehearing Denied April 29, 1935.

Sydney I. Prescott, of New York City (Joseph Shea, of New York City, and George S. Hastings, of Brooklyn, N. Y., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

An application was filed in the United States Patent Office by the appellant for a patent on what was claimed to be a new and useful improvement in anti-friction bearings and a method of forming the same. As finally amended, the claims of the appellant were numbered 1, 2, 4, 5, 6, 7, and 11 to 16, inclusive, all of which were rejected by the Examiner, and, on appeal, by the Board of Appeals. Claims 1 and 6 are typical, and are as follows:

"1. An anti-friction bearing surface for ferrous articles having a bonding layer adhering to the article consisting mainly of lead, and a layer of babbitt metal consisting mainly of lead or tin, and containing antimony and copper and adhering to said bonding layer, said lead bonding layer having incorporated therein an activating ingredient for causing it to stick to the article and the babbitt, and the opposed surfaces of said bonding layer and babbitt being alloyed with each other."

"6. The method of forming anti-friction bearing surfaces which comprises applying to the article to be surfaced molten lead having a modicum of phosphorus therein to coat the same and then applying babbitt

consisting mainly of lead or tin, and containing antimony and copper, in molten condition to the coated surface."

The claims were rejected upon the following references: Ahlborn, 74,029, Feb. 4, 1868. Lemp et al., 1,212,517, Jan. 16, 1917. Klocke, 1,331,961, Feb. 24, 1920. Staack, 1,501,293, July 15, 1924. Gilman, 1,581,083, Apr. 13, 1926.

In addition to these references there appears in the record an excerpt from the United States Bureau of Standards Circular, No. 78—1919, which is referred to by the Examiner, but which the Examiner states he is not using as a reference in rejecting the claims. The Board of Appeals was of opinion, however, as expressed in its decision, that said circular was cited "for the purpose of showing that a solder composed of these materials is old." This latter statement by the Board of Appeals the Solicitor for the Patent Office considers to be a use of said excerpt as a reference. The appellant seems to have been of opinion that this circular was thus treated by the board, in view of his second assignment of error, namely: "2. The Board of Appeals erred in holding that Circular No. 78 (1919) of the United States Bureau of Standards suggests the use of a bonding or adhering layer having the proportions of lead, tin and zinc specified in claims 4, 15 and 16."

Appellant's claimed invention relates to anti-friction bearings and a method of producing the same. His bearing, used for a variety of purposes, including an exterior coating for pistons and for bearings where wear ordinarily occurs, is constructed as follows: A machine part of iron or steel is pickled, and then coated with a layer of phosphorus activated lead, this activated layer being composed largely of lead, with a small amount of phosphorus therein. This layer adheres easily to the ferrous portion. Upon the surface of this activated lead coating, a layer of babbitt is then placed, to which the activated lead layer readily adheres, thus making a permanent bond between the ferrous metal and the babbitt, which would otherwise be bonded together with difficulty. The babbitt metal which is utilized by the appellant in preparing his bearings is of composition which varies and may be mainly of lead or tin, and containing antimony and copper. In his specification the appellant gives various proportions which he may use in this babbitt. In general, he recites that the term babbitt, as he uses it, may mean either a tin base babbitt or a lead base babbitt. Examples of his composition are given, although appellant does not bind himself to any particular proportions by his specification.

All of the appealed claims, except method claims 6 and 7, were rejected as unpatentable over either of the references to Ahlborn, Gilman, or Klocke, in view of Staack, on the ground that no more than mechanical skill would be involved in substituting for the tin or solder bonding layer of the first three patents cited, a layer of phosphorus activated lead as shown by Staack. Claims 6 and 7 are method claims, and were rejected "as being merely the necessary or obvious steps of making a bearing, also as unpatentable over either of the references Staack, Ahlborn or Gilman."

The reference Staack is a patent upon a method of covering metals with a protective coat to prevent corrosion, and is applicable principally to the treatment of iron or steel. In this patent the patentee shows the use of a flux upon the surface of the metal which consists of chloride of zinc containing phosphorus and a coating bath of lead containing a small amount of phosphorus. Upon the surface of this may be placed a metal coating which is caused to adhere to the metal to be coated by means of the intervening layer or coating of phosphorus activated metal. We agree with the Board of Appeals that this patent fully discloses the valuable effects induced by the use of such a phosphorus activated intervening layer.

The patent to Ahlborn discloses the method of tinning the interior of carriage boxes in order to secure a metallic alloy coating thereto. The patent to Lemp et al. discloses the coating of a piston with babbitt. Klocke shows the use of a coating of soldering material between metallic parts to assist in their union, and which is to be used in lined bearings. Gilman discloses the use of a tinning material to form a thin coating over a steel bushing, the tinning material being used to bind a bronze liner in place and a surface to which a babbitt material liner will adhere "much better than it will to steel."

We find ourselves constrained to agree with the Board of Appeals as to the rejection of these claims. The appellant here, as it seems to us, has substituted for the tinning layer shown by some of the references the activated lead layer which Staack disclosed. In doing this, the appel-

lant doubtless made a better article commercially. However, as we see it, it was not inventive, but simply the use of features known to the art with no new and useful result. The appellant doubtless reduced the cost, but, after all is said, what he did was to simply make an aggregation of features which were already well known to one skilled in the art.

As to the method claims, no new or novel steps are shown over the prior art, as cited, and we therefore agree with the Board of Appeals that these claims likewise were properly rejected.

Appellant's counsel is of opinion, as expressed in his brief, that the art of metal coating as shown by Staack, and the art involved in the present application, are not analogous. However, as it seems to us, the point is not well taken. In addition, counsel for appellant argues that the appellant was the first to discover the cause of certain defects in bonding materials used in the art involved. This may be true, but if the appellant found in the art references which fully disclosed the composition and structure which he now seeks a patent upon, we are unable to believe that to thus discover the reasons for the reactions obtained constitutes invention within the meaning of the patent laws. One who conducts experiments in an art may discover that certain combinations, as, for instance, of metals, will produce a certain new and useful effect. He may not understand the reason for this, and yet he has made an invention. If one who later experiments in the same art discovers the reason for the effect which is thus produced, this does not constitute invention, unless something further is added to the art, except the mere discovery of the cause for the effect produced. Robinson on Patents, Book 1, §§ 81, 82.

The decision of the Board of Appeals is affirmed.

Affirmed.